State *v.* Coombs.

liable to previous costs. The discharge and the recall of Morse would defeat the attachment of his property ; and his insolvency might afterwards occur, whereby the loss of the attachment would operate injuriously to the other defendants. The amendment was wrongfully allowed. It introduced a new cause of action.

*Tallman*, for the plaintiff.

---

## THE STATE *versus* COOMBS.

There being several persons in a town, each holding the office of a justice of the peace, it is not in conflict with any constitutional right, that one of them should be selected to exercise, exclusively of the others, the powers of that office within the town ; or that the one so selected should be vested with some superadded powers.

It is not violative of any constitutional provision, that such selection should be made by the voters of the town.

The person, thus selected, derives his powers, not from the choice of the town, but from his previous appointment as a justice of the peace.

An allegation, in a complaint, that it was sworn to before the justice of a town court, and within the proper county, is, in the absence of other proof, sufficiently evidential of the justice's jurisdiction.

COMPLAINT, addressed " to John C. Cochran, Esq., a justice of the peace, and justice of the town court of East Thomaston."

It appeared, that the Legislature of 1849, of which Mr. Cochran was a member, enacted the statute, c. 128, establishing the town court of East Thomaston, and providing *that* the justice of the court should be selected by the legal voters of the town; *that* no person should be eligible, unless he were a justice of the peace and quorum ; and, *that* he should in exclusion of others, have the powers of a justice of the peace together with some others superadded. Mr. C. was chosen by the legal voters, to be the justice of the town court.

The complaint was for selling intoxicating liquors.

Upon it Mr. Cochran issued a warrant, signed by him as a justice of the peace, and of the town court of East Thomaston.

The complaint did not specify, (otherwise than as above worded,) in what town the complaint was sworn to. The defendant was arraigned before Mr. Cochran and pleaded to the jurisdiction. The plea was rejected, and the defendant pleaded not guilty. He was convicted and appealed to the District Court. His objections to the complaint and to the jurisdiction were there overruled, and, after a verdict against him, he filed exceptions. In this court the exceptions were waived, and the legal points were presented on a motion in arrest. The grounds taken were —

1. It does not sufficiently appear by the complaint, in what town the complaint was entered or sworn to, and therefore did not show that there was jurisdiction. Upon this point the defendant's counsel cited Wharton Cr. Law, 63 & 64 ; Chitty Cr. Law, 338 & 339.

2. The two capacities in which Mr. Cochran undertook to act were incompatible. The defendant could not know before what tribunal to plead.

3. Mr. Cochran was not constitutionally appointed as justice of the town court. The constitution, art. 5, part 1, sect. 8,

provides that the Governor shall nominate, and, with the advice and consent of the Council, appoint all judicial officers. The legislative provision for an election by the voters, was unconstitutional and void. The provision that " no person shall be eligible to said office unless he be a justice of the peace and quorum duly qualified," will not help the unconstitutionality of the act. The powers and duties of the justice of that town court and justice of the peace, are widely different, as will be perceived by examining the statute. The judge of the town court may exercise important judicial functions, beyond the jurisdiction of justices of the peace.

4. Cochran, being a member of the Legislature when the office was created, was ineligible to its appointment, during the term for which he was elected. Const. of Maine, art. 4, part 3, sect. 10. The 2d sect. of art. 3d of the Declaration of Rights, provides that "No person or persons belonging to one of these departments," (the *legislative, executive* and *judicial,*) " shall exercise any of the powers properly belonging to the others, except in the cases herein expressly directed or permitted."

*Gould,* for the defendant.

*Tallman,* Attorney General, for the State.

Howard, J., orally. — The complaint shows that it was made and sworn to in the county of Lincoln, and before the justice of a town court. That was sufficiently descriptive of the justice's jurisdiction. The objection that Mr. Cochran was designated by the vote of the town has no force. It is from his office as a justice of the peace, and not from the act of the town, that his official powers are derived. Neither was the selection of Mr. Cochran invalidated by the fact that he was a member of the Legislature which passed the act establishing the town court. Additional powers are frequently conferred upon officers, without the need of a new appointment.                     *Motion in arrest overruled.*