May 28th, 1906.

—————o—————

No. 3896.

(Court of Appeal, Parish of Orleans.)

ATLANTA NATIONAL BANK vs. JOHN F. PRIM.

1. The allowance of amendments in the interest of justice is favored by jurisprudence and lies in the sound discretion of the trial judge and an appellate court will sanction his exercise of such discretion when the act is not unjust or arbitrary.

2. An amendment is properly allowed when it merely seeks the correction of a clerical error and does not deprive the other party of a substantial right or change the substance of the issue.

3. Where a note was erroneously dated 1892 instead of 1902, a bona fide holder for value has the right to show what is the true ma-

turity of the same, and, if he acquired the note before maturity, the defense of want of consideration between the original parties cannot be urged to his detriment.

Appeal from Civil District Court, Div: A.

Rice & Montgomery, for Plaintiff and Appellee.

L. H. Marrero, Jr., & F. E. Rainold, for Defendant and Appellant.

DUFOUR, J. The original petition alleges that the plaintiff is the holder and owner of a certain promissory note, dated New Orleans, Louisiana, September 29th, 1892, and drawn by John F. Prim to the order of himself in the sum of $275, payable ninety days after date at the Teutonia Bank in New Orleans, and endorsed in blank by John F. Prim and H. H. Cobb. The note and the copy of protest for non-payment are made part of the petition.

The answer sets up that the note is null and void for want of consideration and states in detail the facts upon which the defense is based and which will be hereafter referred to.

At the trial, plaintiff offered the note and rested, defendant pleaded the prescription of five years, and, upon plaintiff's request, the case was re-opened to allow him to allege the true date of the note, Sept. 29th, 1902, by supplemental petition.

To this petition, were filed to the effect that the amendment came too late and that it seeks to change, alter and amplify the issue.

The trial judge correctly overruled the exceptions.

The allowance of amendments in the interest of justice lies in the sound discretion of the judge, and is favored by jurisprudence, and his exercise of it in this instance does not appear to have been arbitrary, and could not have taken the defendant by surpirse or deprived him of any substantial right.

The amendment merely sought the correction of a clerical error, and did not change the substance of the issue, which remained one of liability *vel non* on the note.

The circumstances under which the note was given are as follows.

In the year 1902, the defendant became acquainted with H. H. Cobb, the representative of a Georgia Insurance Co., who

induced him to make application for insurance and at the same time, to execute, in consideration thereof, the note in controversy.

When the policies were received by defendant he immediately returned them to the Insurance Company, having since his application, been informed that the company had not been qualified under the law and was without authority to do business in Louisiana.

He then called for the return of the note and met with a refusal. On November 15th, 1902, Cobb discounted the note at the plaintiff bank and the proceeds were placed to his credit, he had been dealing and depositing there for ten years and had negotiated numerous notes during that time.

The record shows the transaction to have been in the usual course of business and free of any appearance of suspicion. Nothing impugns the good faith of the bank and it acquired the note for value. Defendant's whole contention hinges on the claim that, because the note happened to be a blank or printed one containing the printed figures 189— to which was added the written figure 2, and the bank discounted it in 1902, under the evident impression that it was dated that year, it cannot be allowed to show the real maturity.

Mistakes of this nature are natural and of frequent occurrence among business men, and to allow plaintiff to take advantage of what was originally his own mistakes would not be justifiable in law or equity. On the equitable principle that. where one of two innocent parties must suffer the loss should fall on him who has made it possible, the defendant is condemned out of his own mouth.

Had he, beforehand, made inquiries as to the company as he did subsequently, he would not have signed the note; and it was his failure to do so which placed the negotiable instrument in Cobb's hands and enabled the latter to secure the money from the bank.

In addition, he obtained insurance for his note and his subsequent rejection of such insurance cannot effect the case; while it is true that the company could not have sued him here for the premium, we know of no law which, under the circum-

stances, would have prevented the beneficiary from recovering in case of loss.

The precise point, though apparently not decided in this State, has arisen in other jurisdictions.

In 32 Maine 526, it was said that "the evidence to show an erroneous date to the note was admissible; the jury found there was a mistake in the date; the note by intendment of law was payable in a year from the time it was given; when purchased by the plaintiff it was not overdue and dishonored; the defences of fraud and want of consideration cannot avail."

In 45 Winn 461, in which the note dated June 25th, 1886 and was by its terms payable six months after date, the Court, citing the Maine case *supra* and other authorities, said:

"As it clearly appeared that the note was given in 1887 and the wrong year inserted in the date by mistake, the note, by intendment of law, was payable in six months from June 25th, 1887, and if negotiated and endorsed to the plaintiff before due, in good faith and for value, the defence of want of consideration is not available. xxx."

Randolph, in his work on Com. Paper, Vol. 2 p. 1560 lays down the rule as being "that if a mistake has been made in the date, making it apparently overdue, a *bona fide* holder who obtains it before its actual maturity will take clear of defences."

The views expressed in other jurisdictions co-incide with our own, and we have had no difficulty in reaching the conclusion that, under the facts presented, no equitices can be pleaded in bar of plaintiff's claim.

Judgment affirmed.